IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
IN SEATTLE

| | |
|---|---|
| HOLLY BARKER and BRIAN CARNESS, individually and on behalf of all the members of the class of persons similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>SKYPE INC., a Delaware corporation; SKYPE DELAWARE HOLDINGS, INC., a Delaware corporation; SKYPE COMMUNICATIONS S.A.R.L., a foreign corporation; SKYPE TECHNOLOGIES SA; and EBAY INC., a California corporation,<br><br>Defendants. | NO.<br><br>CLASS ACTION COMPLAINT |

Plaintiffs, HOLLY BARKER and BRIAN CARNESS, individually and on behalf of all members of the class of persons similarly situated and for cause of action against Defendants SKYPE INC., a Delaware corporation; SKYPE DELAWARE HOLDINGS, INC., a Delaware corporation; SKYPE COMMUNICATIONS S.A.R.L., a foreign corporation; SKYPE TECHNOLOGIES SA; and EBAY INC., a California corporation, (collectively, "Skype", or "Defendants"), allege as follows:

CLASS ACTION COMPLAINT - 1
LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98101
(206) 652-8660
(206) 652-8290 FAX

## I. PARTIES

1.1     Plaintiff HOLLY BARKER is a resident of Seattle, Washington, which is located in King County, Washington.  She is a customer of Skype who purchased Skype credit for telecommunications services.

1.2     Plaintiff BRIAN CARNESS is a resident of Los Angeles County, California.  He is a customer of Skype who purchased Skype credit for telecommunications services.

1.3     Skype is a Voice Over Internet Protocol (VOIP) telecommunications vendor.  Skype provides telecommunications services to customers throughout the world over the Internet.  Skype provides VOIP services to customers throughout the United States and purposefully directs its services into the state of Washington.

1.4     Skype's services are provided throughout the United States and can be utilized from any computer device connected to the Internet.  Skype operates an interactive website that collects information and creates customer accounts, including stored value accounts, with end users.

1.5     EBay provides telecommunications services in the United States, including the State of Washington, through its wholly owned subsidiary, Skype, over which it exercises its dominion and control.

1.6     EBay purchased Skype in 2005, and remains 100% owner of Skype.

1.7     At the time of the 2005 purchase, eBay informed its shareholders, potential investors, customers, and the general public that the acquisition was part of an eBay business strategy to utilize Skype, PayPal, and other units of eBay's organization to integrate with eBay's online shopping experience that incorporate Skype's communication services.

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98101
(206) 652-8660
(206) 652-8290 FAX

1.8     EBay distributes information about Skype, such as website-based material intended for investors and media, in such a manner to reinforce Skype's role as a division of eBay, not an independent enterprise.

1.9     EBay's current President, John Donahoe, has referred to eBay as having installed its own management team at Skype.

1.10    Skype executives, including its President, General Counsel, and director of "user experience and communications," are former executives at eBay and/or other eBay-controlled business units.

1.11    EBay executives are personally and directly in control of the business strategy and operations of Skype. For example, former eBay President Meg Whitman publicly stated that she resigned from the board of the Gap, Inc., in order to focus more on Skype.

1.12    EBay's current President, John Donohoe, refers to Skype as the "communications" portion of eBay's business.

1.13    EBay substantially subsidizes Skype. For example, for the fiscal quarter ending on September 30, 2007, eBay as a whole posted a loss of $938 million. Without Skype, eBay would have made a profit of $593 million.

1.14    EBay has exercised such supervision, intervention, dominion and control over Skype that Skype is an alter ego or instrumentality of eBay, and to allow eBay to evade liability for Skype's actions would promote an injustice.

1.15    Defendants are subject to jurisdiction in this forum because (i) Defendants have performed acts and consummated transactions within this forum and otherwise purposefully availed themselves of the privileges of conducting activities in this forum, (ii) the claim arises out of or results from the Defendants' forum-related activities, and (iii) the exercise of jurisdiction is reasonable.

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98101
(206) 652-8660
(206) 652-8290 FAX

1.16    Defendants' contacts with this forum were substantial or continuous and systematic and subject to general jurisdiction in this forum.

## II.  JURISDICTION AND VENUE

2.1    Original jurisdiction over this matter is conferred on this Court by 28 U.S.C. § 1332(d) because:

    a.    This action is a class action;

    b.    At least one of the Plaintiffs is a citizen of a state different from at least one of the Defendants; and

    c.    Plaintiffs are informed and believe that the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

2.2    Venue lies in this jurisdiction pursuant to 28 U.S.C. § 1391(a)(2).

## III.  PLAINTIFF'S ALLEGATIONS

3.1    Skype makes VOIP services available to its customers to communicate over the Internet with other Skype customers without charge.  However, Skype charges its customers for telecommunications services to non-Skype customers, i.e., customers that are not part of the Skype network.

3.2    Skype charges its customers through a monthly subscription (a "Subscription Account") or by funding an account with Skype which is debited as used by the customer (a "Stored Value Account").

3.3    A customer who uses a Stored Value Account funds the account for a sum-certain amount, which is shown on the Skype software as a dollar amount.

3.4    A customer who uses a Stored Value Account is charged for telecommunications with customers outside of the Skype network.  Upon use outside the network, Skype decrements the balance of the Stored Value Account.

3.5    Skype has a stated policy that the funds in a Stored Value Account are forfeited 180 days after the "last chargeable" use of Skype Credit.  Skype states that

CLASS ACTION COMPLAINT - 4

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98101
(206) 652-8660
(206) 652-8290 FAX

credit balances that are not used within the 180 day period are "lost." In fact, credit balances are seized by Skype.

3.6   Plaintiff Barker became a customer of Skype for VOIP services in or about late April 2008, by purchasing an account with stored value of $10.

3.7   Skype seized Plaintiff Barker's balance of $10 approximately 180 days later, on October 29, 2008.

3.8   Plaintiff Carness was an active customer of Skype. He purchased a Stored Value Account from the company in or about July 2008.

3.9   On January 24, Skype illegally seized the balance held in Carness's account. Skype had previously represented and advertised to Carness that he would be allowed to use the entirety of the funds in his account, and Carness relied on these representations and advertisements when entering into the transaction with Skype.

3.10   Plaintiffs seek to represent a class of all current or past United States customers of Skype who paid funds to Skype that were subsequently seized by Skype.

## IV. PLAINTIFF'S CLASS ACTION ALLEGATIONS

4.1   Plaintiffs have been individually damaged by the wrongful conduct of Skype. Aggregated individual damages are so small as to render individual lawsuits impracticable.

4.2   Plaintiffs bring this action as a class action on behalf of all Skype customers for who have funded a Stored Value Account, which such funds were subsequently seized by Skype.

4.3   Plaintiffs bring this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3) on behalf of the following class:

All current and former United States customers of Skype, who have paid to Skype funds for their Stored Value Accounts which Skype has designated "lost." Excluded from the class are: Defendants, any entity in which Defendants have a

CLASS ACTION COMPLAINT - 5

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98101
(206) 652-8660
(206) 652-8290 FAX

1  controlling interest, any entity which has a controlling interest in Defendants,
2  Defendants' legal representatives, assigns and successors, the judge to whom the
3  case is assigned, and any member of the judge's immediate family.
4       Plaintiffs are members of the above described class.
5       4.4    This case is suitable for class adjudication pursuant to Rule 23(b)(2)
6  because Skype has acted or refused to act on grounds generally applicable to the
7  class, thereby making appropriate final injunctive relief or corresponding declaratory
8  relief with respect to the class as a whole.
9       4.5    This case is suitable for class adjudication pursuant to Rule 23(b)(3)
10 because questions of law and fact common to the members of the class predominate
11 over any questions affecting only individual members.  A class action is superior to
12 other available methods for the fair and efficient adjudication of the present
13 controversy.
14      4.6    The following questions are common to all class members:
15          a.    Does Skype's practice of seizing funds in consumers' Stored
16 Value Accounts violate the Gift Card Statutes?
17          b.    Does Skype's practice of seizing funds in consumers' Stored
18 Value Accounts due to inactivity constitute an unfair or deceptive consumer practice
19 under the Consumer Protection Statutes?
20          c.    Does Skype's practice of seizing funds in consumers' Stored
21 Value Accounts due to inactivity result in unjust enrichment?
22          d.    Should the court enjoin Skype from seizing funds in consumers'
23 Stored Value Accounts?
24          e.    Should the court order a repayment of the improperly seized funds
25 to customers?
26

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98101
(206) 652-8660
(206) 652-8290 FAX

4.7     The class of plaintiffs similarly situated is so numerous that joinder of all members is impractical because there are believed to be thousands of members of the class located across the United States. The exact number of members of the class is presently unknown to Plaintiff but may be easily determined from records maintained by Defendants, and is believed to be over 3 million.

4.8     Plaintiff's claims are typical of the claims of the members of the proposed class of all U.S. consumers who funded a Credit Account with Skype and such funds are subsequently seized by Skype.

4.9     Notice to the class may be accomplished cheaply, efficiently, and in a manner best designed to protect the due process rights of all class members by means of written notices supplied as part of Skype's billing procedures for existing customers, through electronic mail addresses available to Skype, and/or in published notice for former customers.

4.10    Plaintiffs can and will fairly and adequately represent and protect the interests of the class, as Plaintiff has no interests that conflict with or are antagonistic to the interests of the class.

4.11    Plaintiffs have retained competent and experienced legal counsel to prosecute their individual claims and those of the class.

## V.  CLAIMS
## COUNT I: VIOLATION OF GIFT CARD STATUTES

5.1     Plaintiff and the members of the class re-allege each and every allegation contained in Sections I through IV above, and incorporate them herein by reference.

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98101
(206) 652-8660
(206) 652-8290 FAX

5.2     Skype's Stored Value Accounts constitute Gift Certificates under RCW 19.240 et seq., California Civil Code section 1749.5, and similar statutes in multiple states, i.e., "the Gift Card Statutes."[1]

5.3     Skype's credit expiration policy for Stored Value Accounts violates the Gift Certificate Statutes.

5.4     As a direct and proximate result of Skype's violation of the Gift Certificate Statutes, Plaintiff and the members of the Class have suffered monetary damages in an amount to be proven at the time of trial.

**COUNT II: VIOLATION OF CONSUMER PROTECTION ACTS**

5.5     Plaintiff and the members of the class re-allege each and every allegation contained in Sections I through IV above, and incorporate them herein by reference.

5.6     Plaintiffs bring a claim pursuant to the substantially similar state consumer protection statutes, all of which were designed to protect consumers against unfair, deceptive, and/or fraudulent business practices ("the Consumer Protection Statutes").[2]  The Consumer Protection Statutes are modeled after the FTC's consumer protection provisions.

---

[1] *See, e.g.,* Ark. Stat. Ann. § 4-88-703 (Arkansas); Conn. Gen. Stat. § 42-460 (Connecticut); Fla. Stat. § 501.95 (Florida); Haw. Rev. Stat. § 481B-13 (Hawaii); Ill. Rev. Stat. ch. 815, § 505/2SS(b) (Illinois); Kan. Stat. Ann. § 50,6108 (Kansas); La. Rev. Stat. Ann. § 51:1423(B)(1) (Louisiana); Me. Rev. Stat. Ann. tit. 33, § 1953(G) (Maine); Mass. Gen. Laws Ann. ch. 200A, § 5D (Massachusetts); 2008 Public Act 209 (Michigan); Minn. Stat. § 325G.53 (Minnesota); Mont. Code Ann. § 30-14-108 (Montana); N.H. Rev. Stat. Ann. § 358-A:2 (New Hampshire); N.J. Rev. Stat. § 56:8-110(a)(1) (New Jersey); N.M. Stat. Ann. § 57-12-26(B) (New Mexico); N.D. Cent. Code § 51-29-02 (North Dakota); Ohio Rev. Code Ann. § 1349.61 (Ohio); Okla. Stat. tit. 15, § 797 (Oklahoma); R.I. Gen. Laws § 6-13-12 (Rhode Island); Tenn. Code Ann. § 47-18-127 (Tennessee); Vt. Stat. Ann. tit. 8, § 2702 (Vermont).

[2] *See, e.g., See, e.g.,* 47 U.S.C. § 201, Ala. Code § 8.19-1 et seq. (Alabama); Alaska Stat. § 45.50.471 et seq. (Alaska); Ariz. Rev. Stat Ann. § 44-1521 et seq. (Arizona); Ark. Code Ann. § 4-88-101 et seq. (Arkansas); Cal. Civ. Code § 1671, Cal. Bus. & Prof. Code § 17200 et seq., Cal. Bus. & Prof. Code §17500 et seq., Cal. Civ. Code § 1750 et seq. (California); Colo. Rev. Stat. § 6-1-105 et seq. (Colorado); Conn. Gen. Stat. § 42-110a (Connecticut); Del. Code Ann.

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98101
(206) 652-8660
(206) 652-8290 FAX

1    5.7    Skype violated the Consumer Protection Statutes by seizing funds in
consumers' Stored Value Accounts due to inactivity and by using an unlawful
expiration date.

5.8    As a direct and proximate result of Skype's violation of the Consumer
Protection Statutes, Plaintiffs and the members of the Class have suffered monetary
damages in an amount to be proven at the time of trial.

**COUNT III: DECLARATORY JUDGMENT**

5.9    Plaintiffs and the members of the class re-allege each and every
allegation contained in Sections I through IV above, and incorporate them herein by
reference.

5.10    A justiciable substantial controversy exists between Plaintiffs and Skype
over whether Skype lawfully seized funds in consumers' Stored Value Accounts due to
inactivity.

---

tit. 6, § 2511 et seq. (Delaware); D.C. Code Ann. § 28-3901 et seq. (District of Columbia); Fla. Stat. Ann. § 501.201 et seq. (Florida); Ga. Code Ann. § 10-1-390 et seq. (Georgia); Haw. Rev. Stat. § 481A-1 et seq. and Haw. Rev. Stat. § 480-1 et seq. (Hawaii); Idaho Code § 48-601 et seq. (Idaho); Kan. Stat. Ann. § 50.623 et seq. (Kansas); Ky. Rev. Stat. § 367.11.0 et seq. (Kentucky); La. Rev. Stat. Ann. § 51:1401 et seq. (Louisiana); Me. Rev. Stat. Ann. tit. 5, § 205-A et seq. (Maine); Md. Com. Law Code Ann. § 13-301 et seq. Md. Com. Law Code Ann. § 13-408 et seq. (Maryland); Mass. Gen. L. ch. 93A, § et seq. (Massachusetts); Mich. Stat. Ann. § 445.901 et seq., Mich. Stat. Ann. § 19.418(1) et seq. (Michigan); Minn. Stat. § 325F.68 et seq., Minn. Stat. § 8.31 (Minnesota); Miss. Code Ann. § 75-24-3 et seq. (Mississippi); Mo. Rev. Stat. § 407.010 et seq. (Missouri); Mont. Code Ann. § 30-14-101 et seq. (Montana); Neb. Rev. Stat. § 59-1601 et seq. (Nebraska); Nev. Rev. Stat. § 41.600 and Nev. Rev. Stat. § 598.0903 et seq. (Nevada); N.H. Rev. Stat. Ann. § 358:1 et seq. (New Hampshire); N.J. Rev. Stat. § 56:8-1 et seq., N.J. Rev. Stat. § 56:12-1 et seq. (New Jersey); N.M. Stat. Ann. § 57-12-1 et seq. (New Mexico); N.Y. Gen. Bus. Law § 349 et seq. (New York); N.C. Gen. Stat. § 75-1 et seq. (North Carolina); N.D. Cent. Code § 51-15-01 et seq. (North Dakota); Ohio Rev. Code Ann. § 1345.01 et seq. (Ohio); Okla. Stat. tit. 15, § 751 et seq. (Oklahoma); Ore. Rev. Stat. § 646.605 et seq. (Oregon); Penn. Stat. § 201-1 et seq. (Pennsylvania); R.I. Gen. Laws § 6-13.1:1 et seq. (Rhode Island); S.C. Code Ann. § 39-5-10 et seq. (South Carolina); S.D. Codified Laws Ann. § 37-24-1 et seq. (South Dakota); Tenn. Code Ann. § 47-18-101 et seq. (Tennessee); Tex. Bus. & Comm. Code Ann. § 17.41 et seq. (Texas); Vt. Stat. Ann. tit. 9, § 2451 et seq. (Vermont); Va. Code Ann. § 59.1-196 et seq. (Virginia); Wash. Rev. Code § 19.86.010 et seq. (Washington); W.Va. Code § 46A-6-101 et seq. (West Virginia); and Wyo. Stat. § 40;12-101 et seq. (Wyoming).

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98101
(206) 652-8660
(206) 652-8290 FAX

5.11  Plaintiffs have existing and genuine rights or interests upon which this Court's judgment may effectively operate with the force and effect of a final judgment at law or decree in equity upon the legal relationships of the parties.

5.12  This proceeding is genuinely adversary in character between Plaintiffs and Skype.

5.13  A declaration by the Court would terminate the controversy between Plaintiffs and Skype.

5.14  The parties need the Court to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations among them.

5.15  This substantial controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

5.16  This Court has the power to declare the rights, status and other legal relations between the parties pursuant to 28 U.S.C. § 2201.

## COUNT IV: UNJUST ENRICHMENT

5.17  Plaintiff and the members of the class re-allege each and every allegation contained in Sections I through IV above, and incorporate them herein by reference.

5.18  Skype received and retained a benefit conferred by Plaintiff and Class Members at their expense through its unlawful credit expiration policy.

5.19  The benefit conferred upon Skype by Plaintiff and the Class is unjust and in equity and good conscience Skype should not be permitted to retain it.

5.20  Plaintiff and the Class have no adequate remedy at law for Skype's conduct.

5.21  Plaintiff and the Class are entitled to restitution from Skype for all amounts seized under its unlawful credit expiration policy.

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98101
(206) 652-8660
(206) 652-8290 FAX

## COUNT V: CONVERSION

5.21 Plaintiffs incorporate and reallege, as though fully set forth herein, Sections I through IV, inclusive, as set forth above.

5.22 Plaintiffs, and the Class, purchased, owned and rightfully possessed the full value of the Stored Value Accounts purchased from Defendants.

5.23 Defendants intentionally interfered with that right to possess the full value of the purchases, by wrongfully seizing the value of the accounts, and monies in the accounts. This seizure was a wrongful exercise of dominion and control over the property of Plaintiffs and the Class, and was inconsistent with the property rights of the Plaintiffs and the Class.

5.24 Plaintiffs and the Class never consented to this seizure, and were harmed and damaged by the conversion of their property by Defendants.

5.25 Defendant's practices in connection with seizing the monies remaining in the accounts held by Plaintiffs and the Class was an improper conversion of property owned by Plaintiffs and the Class to Defendants.

5.26 Plaintiffs and the Class are entitled to recover all actual and consequential damages resulting from the conversion of their personal property.

## VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, on their behalves, and on behalf of all other members of the class, respectfully request the following relief from this honorable court:

6.1 A judgment against Defendants enjoining them from terminating customers' Stored Value Accounts.

6.2 A judgment against Defendants enjoining them from continuing to seize funds in consumers' Stored Value Accounts.

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98101
(206) 652-8660
(206) 652-8290 FAX

6.3     A judgment in favor of Plaintiffs and the putative class against Defendants for restitution and reimbursement of all improperly paid (or seized) amounts;

6.4     A judgment in favor of Plaintiffs and the putative class and against Skype awarding Plaintiffs and the Plaintiff class treble, exemplary and/or punitive damages up to the maximum amount permitted by law;

6.5     A judgment in favor of Plaintiffs and the putative class and against Defendants awarding Plaintiffs and the putative class prejudgment interest on wrongfully paid amounts;

6.6     A judgment in favor of Plaintiffs and the putative class and against Defendants awarding Plaintiffs and the putative class their reasonable attorneys' fees, expert fees, disbursements and costs of suit;

6.7     A judgment in favor of Plaintiffs and the putative class for any additional, further equitable or legal relief, which the Court deems appropriate or just.

DATED: September 25, 2009.

                BRESKIN JOHNSON & TOWNSEND, PLLC

                By: /s/ Roger M. Townsend
                    Roger M. Townsend, WSBA # 25525
                    Daniel F. Johnson, WSBA # 27848
                    Attorneys for Plaintiffs

DATED: September 25, 2009.

                DONIGER / BURROUGHS APC

                By: /s/ Scott A. Burroughs
                    Scott A. Burroughs CA SBN 235718
                    Attorneys for Plaintiffs

CLASS ACTION COMPLAINT - 12

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98101
(206) 652-8660
(206) 652-8290 FAX