Hon. Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| HOLLY BARKER and BRIAN CARNESS, individually and on behalf of all the members of the class of persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SKYPE, INC., a Delaware corporation; SKYPE DELAWARE HOLDINGS, INC., a Delaware corporation; SKYPE COMMUNICATIONS S.A.R.L., a Luxembourg corporation; SKYPE TECHNOLOGIES S.A., a Luxembourg corporation; and EBAY INC., a California corporation,<br><br>Defendants. | Case No. 2:09-cv-01364-RSM<br><br>ORDER ON FINAL APPROVAL OF CLASS ACTION SETTLEMENT, JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |

This Final Approval Order incorporates by reference the definitions in the Agreement that reflects the proposed class action settlement that currently is pending for final approval before this Court, and all terms used in this Final Approval Order shall have the same meanings as set forth in the Agreement.

By Order dated November 17, 2009, the Court preliminarily approved the Agreement and conditionally certified the Settlement Class for settlement purposes only. Due and adequate notice having been given to the Settlement Class as required by the

ORDER ON FINAL APPROVAL OF CLASS ACTION SETTLEMENT, JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE - 1
[NO. 2:09-CV-01364-RSM]

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98104-4088
(206) 652-8660

Court (*see* Docket No. 13, Declaration of Melissa D. Eisert Regarding Class Notification), and the Court having considered all papers filed and proceedings had herein, including the one valid objection to the Settlement, and otherwise being fully informed of the premises and good cause appearing therefore, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. The District Court has jurisdiction over the subject matter of the Action and personal jurisdiction over all the parties solely for purposes of the Action, including all Settlement Class Members.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and due process, the District Court hereby finally approves the Agreement and finds that the settlement consideration is fair and that said settlement is, in all respects, fair, just, reasonable and adequate to the Settlement Class.

3. The Court previously certified the following Settlement Class for settlement purposes under Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> All current and former users of Skype Communications, S.a.r.l. who are residents of the United States and who purchased Skype Credit that, on at least one occasion prior to December 31, 2009 [i.e., the Implementation Date], expired pursuant to Skype Communications's Skype Credit expiration policy.

4. The Court finds that all elements for maintenance of this Action as a class action have been met and confirms certification of the Class solely for purposes of effectuating this settlement. Specifically, the Class satisfies the numerosity requirement of Rule 23(a)(1); there are common issues of fact and law sufficient to satisfy Rule 23(a)(2); the claims of the named Plaintiffs are typical of the claims of absent Class Members, satisfying Rule 23(a)(3); the Plaintiffs are adequate

ORDER ON FINAL APPROVAL OF CLASS ACTION
SETTLEMENT, JUDGMENT AND ORDER OF
DISMISSAL WITH PREJUDICE - 2
[No. 2:09-cv-01364-RSM]

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98104-4088
(206) 652-8660

representatives of the Class, satisfying Rule 23(a)(4); common issues predominate over individual issues, satisfying Rule 23(b)(3)(i); and class action treatment of this Action is a superior method of proceeding in the matter, satisfying Rule 23(b)(3)(ii)

5.   Except as to any individual claim of those persons (identified on Exhibit 1 hereto) who have validly and timely requested exclusion from the Settlement Class, the District Court hereby dismisses with prejudice and without costs (except as otherwise provided in the Agreement) the Action against Defendants.  As to those persons (identified on Exhibit 1 hereto) who have validly and timely requested exclusion from the Settlement Class, the District Court dismisses the Action without prejudice.

6.   The Court finds that the settlement is fair, reasonable and adequate and in the best interests of Plaintiffs and the Settlement Class Members and finally approves the settlement in all respects, and the Parties are hereby directed to perform its terms.

7.   Pursuant to the terms of the Settlement, Plaintiffs and each Settlement Class Member, their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns, and all persons acting for or on their behalf, are deemed to have fully released and forever discharged Defendants and their present, former and future officers, directors, partners, employees, agents, attorneys, servants, heirs, administrators, executors, members, member entities, predecessors, successors, affiliates, parents and subsidiaries (whether direct or indirect), representatives, trustees, principals, insurers, vendors and assigns, or interest therein, jointly and severally, and all of the

ORDER ON FINAL APPROVAL OF CLASS ACTION
SETTLEMENT, JUDGMENT AND ORDER OF
DISMISSAL WITH PREJUDICE - 3
[NO. 2:09-CV-01364-RSM]

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98104-4088
(206) 652-8660

aforementioned's respective officers, directors, employees, attorneys, vendors (including processing facilities) and assigns, jointly and severally, from any and all rights, duties, obligations, claims, actions, causes of action or liabilities, whether arising under local, state or federal law, whether by Constitution, statute, contract, common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, that relate to the Skype Credit Expiration Policy through the Implementation Date, including, without limitation: (i) any and all claims and causes of action that arise out of or are relate in any way to any or all of the acts, omissions, facts, matters, transactions or occurrences that were or could have been directly or indirectly alleged, asserted, described, set forth or referred to in this Action or the State Court Actions; and (ii) any and all claims and causes of action that arise out of or are related in any way to the User Accounts and the Skype Credit Expiration Policy.

8. Without limiting the foregoing, the Released Claims specifically extend to claims that Settlement Class Members do not know or suspect to exist in their favor at the time that the settlement, and the releases contained therein, becomes effective. This paragraph constitutes a waiver of any law that would limit the releases above, including, without limitation, section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs and each Settlement Class Member understand and acknowledge the significance of these waivers of California Civil Code section 1542 and/or of any other

ORDER ON FINAL APPROVAL OF CLASS ACTION SETTLEMENT, JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE - 4
[No. 2:09-cv-01364-RSM]

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98104-4088
(206) 652-8660

applicable law relating to limitations on releases.  In connection with such waivers and relinquishment, Plaintiffs and each Settlement Class Member acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the settlement, but that it is their intention to release fully, finally and forever all Released Claims, and in furtherance of such intention, the release of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

9. The Court finds that the E-mail Notice provided to Settlement Class Members was the best notice practicable under the circumstances of the proceedings and of the matters set forth therein, and that the E-mail Notice fully satisfied the requirements of due process, the Federal Rules of Civil Procedure, the Washington and California Rules of Civil Procedure and any other applicable laws.

10. All Released Claims, as described in this Judgment or in the Agreement, currently being asserted by or on behalf of any Settlement Class Member in any forum are hereby permanently enjoined, except as may be necessary to implement the settlement or comply with the terms of the Agreement.  This injunction applies to, without limitation, all plaintiffs in the following matters:  (i) Barker v. Skype Inc., et al., Superior Court of the State of Washington, King County, Case No. 08-2-41937-1 SEA.; and (ii) Carness v. Skype, et al., Superior Court of the State of California for the County of Los Angeles, Case No. BC 406723.  Neither Plaintiffs nor any Settlement Class Member, either directly or in a representative or any other capacity, nor any person or entity allegedly acting on behalf of Settlement Class Members, shall

ORDER ON FINAL APPROVAL OF CLASS ACTION SETTLEMENT, JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE - 5
[NO. 2:09-CV-01364-RSM]

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98104-4088
(206) 652-8660

commence or prosecute against Defendants, or against any of the other Released Parties, any action or proceeding in any court or tribunal asserting any of the Released Claims as described in the Agreement, provided, however, that this injunction shall not apply to individual claims of any persons in the Settlement Class who timely excluded themselves from the settlement.  This injunction is necessary to protect and effectuate the settlement, including this Judgment and Order of Dismissal With Prejudice, and the District Court's flexibility and authority to effectuate this settlement and is ordered in aid of the District Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. section 1651(a).

11. The District Court hereby dismisses, on the merits and with prejudice, the Action, including all the Released Claims.  This dismissal does not apply to claims of Settlement Class members who timely excluded themselves from the Settlement Class.

12. Without affecting the finality of this Judgment in any way, this Court will retain jurisdiction of all matters relating to the modification, interpretation, administration, implementation, effectuation and enforcement of this Judgment, the Agreement and the settlement.

**IT IS SO ORDERED** this 12th day of March, 2010.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON FINAL APPROVAL OF CLASS ACTION
SETTLEMENT, JUDGMENT AND ORDER OF
DISMISSAL WITH PREJUDICE - 6
[NO. 2:09-CV-01364-RSM]

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98104-4088
(206) 652-8660

| | |
|---|---|
| 1 | |
| 2 | Presented By: |
| 3 | BRESKIN JOHNSON & TOWNSEND, PLLC |
| 4 | s/ *Roger M. Townsend*<br>Roger M. Townsend, WSBA # 25525 |
| 5 | rtownsend@bjtlegal.com |

1

2  Presented By:

3  BRESKIN JOHNSON & TOWNSEND, PLLC

4   s/ *Roger M. Townsend*
   Roger M. Townsend, WSBA # 25525

5  rtownsend@bjtlegal.com

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER ON FINAL APPROVAL OF CLASS ACTION
SETTLEMENT, JUDGMENT AND ORDER OF
DISMISSAL WITH PREJUDICE - 7

[NO. 2:09-CV-01364-RSM]

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98104-4088
(206) 652-8660